IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEDRICK DEVAUGHN JOHNSON,<br>    ID # 1790146,<br>        Petitioner,<br>vs.<br><br>LORIE DAVIS,[1] Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | No. 3:15-CV-3491-N-BH<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

### I. BACKGROUND

Kedrick Devaughn Johnson (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The respondent is Lorie Davis, Director of the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID)(Respondent).

**A.    Trial Court Proceedings and Appeals**

On July 23, 2003, the State indicted Petitioner for unlawful possession of a firearm by a felon in Cause No. F03-52618. (Doc. 10-7 at 13.)[2] On May 11, 2004, he was indicted for aggravated assault in Cause No. F04-20389. (Doc. 10-8 at 14.) On September 30, 2004, he pled guilty in each case and was convicted and sentenced to 10 years of deferred adjudication probation. (Docs. 10-7

---

[1] Lorie Davis succeeded William Stephens as Director. Under Rule 25(d) of the Federal Rules of Civil Procedure, she "is automatically substituted as a party."

[2] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

at 33, 10-8 at 23.) Petitioner did not appeal. *See* www.txcourts.gov (search for Petitioner).

On June 24, 2010, he was indicted for aggravated assault in Cause No. F10-56049. (Doc. 10-6 at 10.) He pled guilty and was convicted and sentenced to 3 years of deferred adjudication probation on September 10, 2010. (*Id*. at 17.) The trial judge in the 2010 case was the attorney who had represented Petitioner in his two prior cases. Petitioner did not appeal.

On June 30, 2011, Petitioner's probation was modified in each case to require him to participate in a community control program and a cognitive behavioral program. (Doc. 10-6 at 26.) On May 16, 2012, the State filed amended motions to revoke Petitioner's probation on grounds that he admitted to using an illegal drug, failed to report to the probation office from October 2011 through February 2012, failed to pay his probation supervision fees, failed to comply with the rules of the community control program, and was unsuccessfully discharged from the cognitive behavioral program. (Docs. 10-6 at 34, 10-7 at 58, 10-8 at 48.)

On June 1, 2012, the court found that Petitioner violated the conditions of probation as alleged in the motions to revoke, except for the allegation regarding the community control program. (Doc. 10-13 at 27-28.) His probation was revoked in each case, his guilt was adjudicated, and he was sentenced to 10 years' imprisonment in Cause No. F03-52618 (doc. 10-7 at 60), and 20 years' imprisonment in Cause Nos. F04-20389 and F10-56049 (docs. 10-8 at 50, 10-6 at 36) in the 204th Judicial District Court of Dallas County, Texas. A different judge presided over the revocations, adjudications, and sentences in the three cases. The judgments were affirmed on appeal. *See Johnson v. State*, Nos. 05-12-00826-CR, 05-12-00827-CR, 05-12-00828-CR (Tex. App. – Dallas, June 6, 2013). He did not file a petition for discretionary review. *See* www.txcourts.gov (search for Petitioner).

### B. State Habeas Proceedings

Petitioner filed state habeas applications signed on June 13, 2013, challenging the convictions. (Docs. 10-16 at 5, 16; 10-18 at 5, 16; 10-20 at 5, 16.) The state habeas court issued findings of fact and conclusions of law on August 29, 2014. (Docs. 10-16 at 170, 10-18 at 170, 10-20 at 170.) On October 22, 2014, the state habeas applications were denied. (Docs. 10-14, 10-17, 10-19); *see Ex parte Johnson*, WR-82,159-01, WR-82,159-02, and WR-82,159-03 (Tex. Crim. App. Oct. 22, 2014). He filed additional state habeas applications that were signed on April 16, 2015, and dismissed on June 17, 2015, and July 1, 2015 as subsequent applications under Texas Code of Criminal Procedure article 11.07, § 4. (Docs. 21-26); *see Ex parte Johnson*, WR-82,159-04, WR-82,159-05 (Tex. Crim. App. June 17, 2017); *Ex parte Johnson*, WR-82,159-06 (Tex. Crim. App. July 1, 2015).

### C. Substantive Claims

Petitioner filed separate federal habeas petitions signed on October 21, 2015, challenging each conviction and raising identical grounds, and they were subsequently consolidated. (Docs. 3, 7; *see also* No. 3:15-CV-3492-N, doc. 3; No. 15-CV-3493-N, doc. 3.) He raises the following grounds:

> (1) The 2012 judgments were void because Robert Burns, his attorney in the 2004 proceedings leading to deferred adjudication, later acted as the judge in all three cases;
>
> (2) There was a violation of due process because the judge for the 2012 adjudications and sentences knew that Judge Burns acted in his judicial capacity in the cases;
>
> (3) Counsel was ineffective at the 2010 guilty plea proceeding in Cause No. F10-56049 because he was aware of Judge Burns's role as defense counsel in the two earlier cases, but he did not advise Petitioner that Judge Burns should have been recused from the case and he had Petitioner waive his constitutional rights;
>
> (4) Appellate counsel was ineffective regarding the appeal from Cause No. F10-56049 for

failing to raise an issue about Judge Burns acting as the judge at the 2010 plea proceeding. (Docs. 3 at 6-7, 4 at 1-8.) Respondent filed a response on March 11, 2016. (Doc. 16.)

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*,

4

529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. STATUTE OF LIMITATIONS

Respondent contends that the claim of ineffective assistance of trial counsel is barred by the statute of limitations.

One of the major changes made by AEDPA to the way federal courts handle habeas corpus actions is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either:

5

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

**A.     Calculation of One-Year Period**

The facts supporting Petitioner's claims either became known or could have become known prior to the date his judgment became final.[1] The Fifth Circuit has held that a judgment of deferred adjudication probation is a final judgment for purposes of AEDPA's statute of limitations. *See Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005). Petitioner's claim of ineffective assistance of trial counsel relates to the 2010 imposition of deferred adjudication probation in Cause No. F10-56049, so the limitations period began to run when the judgment imposing deferred adjudication probation became final. *See id.* Because Petitioner did not appeal the trial court's September 10, 2010 judgment of probation, it became final thirty days later, on October 10, 2010. *See* Tex. R. App. P. 26.2(a) (1) (stating that "[t]he notice of appeal must be filed ... within 30 days after the day sentence was imposed or suspended in open court, or after the day the trial court enters an

---

[1] He has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right.

appealable order"). That day was a Sunday, so the last day to file an appeal was Monday, October 11, 2010. *See* Tex. R. App. P. 4.1. The one-year limitations period ended on October 11, 2011. Petitioner filed his § 2254 petition on October 21, 2015, the date that it was mailed.[1] A literal application of § 2244(d)(1)(A) renders the § 2254 petition untimely.

**B.     Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added).

Here, Petitioner's state habeas applications were filed after the limitations expired, so they did not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (an application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period).

**C.     Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party]

---

[1] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Here, Petitioner presents no argument or evidence that he was prevented from filing his state writ or his federal petition earlier. He has failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, so his claim of ineffective assistance of trial counsel in Cause No. F10-56049 claim is untimely.

### IV. VOID JUDGMENTS; DUE PROCESS

Petitioner alleges that his 2012 judgments are void and that his right to due process was violated because Judge Burns entered the 2010 deferred adjudication order in Cause No. F10-56049 although he had represented Petitioner at the 2004 proceeding resulting in deferred adjudication in Cause Nos. F03-52618 and F04-20389, and he later modified the conditions of probation in those two cases.

A criminal defendant has the right to a fair and impartial tribunal under the Due Process

Clause. *See Richardson v. Quarterman*, 537 F.3d 466, 474 (5th Cir. 2008) (citing *Bracy v. Gramley*, 520 U.S. 899 (1997)). A defendant is entitled to a fair trial before a judge with no actual bias against the defendant or interest in the outcome of the particular case. *See id.* Judicial bias is not easily established, and courts presume that a judge has properly discharged his or her official duties. *See id.* General allegations of judicial bias are insufficient to establish a constitutional violation. *See id.* "[M]ost matters relating to judicial disqualification [do] not rise to a constitutional level." *Id.* Even though a judge may be disqualified under state or federal law, the disqualification is not necessarily required by the Due Process Clause. *Id.* at 474-75.

Without a showing of bias, a recusal is not required simply because a judge previously represented the defendant in another case. *See Smart v. Davis*, No. 3-16-CV-217-M, 2017 WL 2376770 at *3 (N.D. Tex. Feb. 8, 2017), *rec. adopted*, 2017 WL 2537255 (N.D. Tex. June 9, 2017). Petitioner has not shown that Judge Burns was biased when he entered the order of deferred adjudication probation in Cause No. F10-56049, even though he had represented Petitioner in two previous cases. There was no jurisdictional issue rendering the judgment in Cause No. F10-56049 void because in Texas, a judge may preside over a new case, even though the judge represented the defendant in a previous case. *See Hawthorne v. State*, 459 S.W.2d 826, 829 (Tex. Crim. App. 1970).

Petitioner has not shown how Judge Burns's 2011 modification of the conditions of probation in Cause Nos. F03-52618 and F04-20389, in which he previously represented Petitioner, violated his right to due process in 2012, when his probation was revoked and he was sentenced in those cases. Although he was found to have violated one of the conditions imposed by Judge Burns by failing to satisfactorily complete the cognitive behavioral program, the court also found that he used an illegal drug and failed to report to his probation officer. Petitioner has not alleged or shown

9

that the judge who revoked his probation and sentenced him in 2012 was biased, and he has not shown that his probation would not have been revoked had the additional conditions not been imposed by Judge Burns. Petitioner has not shown that the state court's rejection of these claims was unreasonable.

## V. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Petitioner contends that appellate counsel was ineffective for failing to raise an issue about Judge Burns's order of deferred adjudication probation in 2010 based on his previous representation of Petitioner in the other cases. Respondent argues that this claim is procedurally barred.

Petitioner first raised this issue in his state habeas applications that were dismissed as subsequent under Texas Code of Criminal Procedure article 11.07, § 4. (*See* docs. 21-26). The state court's dismissal of the applications as subsequent was an adequate and independent state ground that bars federal review of the claim. *See Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000). Petitioner has not shown cause and prejudice to overcome the procedural bar. *See Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). This claim is procedurally barred.

## VI. EVIDENTIARY HEARING

Upon review of the pleadings and the proceedings held in state court as reflected in the state court records, an evidentiary hearing appears unnecessary. Petitioner has not shown he is entitled to an evidentiary hearing.

## VII. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 2nd day of October, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE